Good morning, Your Honors. Gary Finn, representing the petitioner Jorge Martinez-Guijarro. Your Honors, when a non-citizen who is a lawful permanent resident of the United States departs the country and then returns, there's a presumption that if the person is going to then be charged in removal proceedings, they should not be charged as an arriving alien unless they met one of six exceptions. In this case, we don't believe that any one of those six exceptions, which are found at 8 U.S.C. 1101 A13C, applied to Mr. Martinez. Now the Board of Immigration Appeals, in ordering Mr. Martinez removed to Mexico, held that Mr. Martinez' admission to having used marijuana in Mexico without more was sufficient to place him into one of those exceptions for having engaged in illegal activity after having departed from the United States. However, there was no showing in the case that using or possessing marijuana in Mexico, I can't, I don't know what the law is in Mexico, and I don't think that any of us without any evidence of what the law is in Mexico can just assume that what Mr. Martinez did in Mexico was illegal. That was the only basis for finding that Mr. Martinez was an arriving alien subject to inadmissibility proceedings. So Counsel, I wanted to ask you about that. I've tried to understand what the And I think I read it your way, where it says that the Respondent's admitted use of marijuana in Mexico was sufficient without more to trigger the exception set forth in that section of the Act. Is there any other part of the holding that I'm missing that would suggest it was for any other reason why the BIA came to its conclusion, or was it purely the use of marijuana in Mexico? That was the only, that's the only thing in the BIA's order, Your Honor, that relied upon. Interestingly enough, in the Attorney General, in their brief, they attempt to, looking at around page 15 of their brief, 14 and 15, they attempt to justify the BIA's holding and expand on it, and say that it also may have been because there was marijuana found in the vehicle that my client was driving. But it's very clear under the case law that I cited in my opening brief, we have to rely on what the Board says. We can't, you know, make up or supplement their holding with suppositions of what they might have relied on. It's very clear in the, as you say, Your Honor, in the Board's order that the admission of using marijuana in Mexico without more, and they say without more, triggers the exception. So let's just walk through this a little bit, because it seems like section 1101A13C3 permits LPRs to be treated as an applicant for admission if there's evidence that they engaged in illegal activity after having departed from the state. So why is the BIA's holding in error in light of the fact that marijuana use is a violation of U.S. law? But wouldn't it depend, Your Honor, on the jurisdiction of where the person is? You know, my client, if the government is saying that my client engaged in illegal activity in Mexico, they would have to, in Mexico, was illegal. He smoked marijuana. What if a person went to Colorado, where I think marijuana is now legal, and used it in Colorado and then came back to California? Could they be prosecuted in California? But isn't it governed by U.S. law? I mean, that's what I'm trying to figure out. So if he went to, you're anytime you want, Erin, as an LPR, because if the BIA doesn't specifically say that that's the reason, it just seems like we're supposed to read it in a way that makes sense. I understand that they weren't not specific and clear, and they could have been much more clear. I'm just wondering if it's enough, what they said here, in light of the fact that the violation of federal law includes misdemeanor offense of marijuana. Well, I don't know, Your Honor, if I'm saying that it's okay what my client did, but the law and, in fact... What's wrong with what your client did, if it's legal to smoke marijuana in Mexico? I'm not saying it is, but just say it is. If it's legal to smoke in Mexico, is it a violation of the immigration law for him to engage in legal conduct in Mexico? I guess I would say no, Your Honor. All right, that could have been a nice, short, simple answer to Judge McGee's question. The answer was no. Yes, that's correct. I'm not saying that is the answer, but that is your answer. No, I like the answer, so I'll go with it. But anyway, the BIA's own precedent, Judge McGee, is that the government has to prove by clear and convincing evidence that one of these six exceptions applies. That's Guzman Martinez 25 INN decision 845, and our argument is that the government failed to prove by clear and convincing evidence that what my client did in Mexico was engaging in illegal activity after having departed the United States. I think your argument is clear. Do you want to save your last three minutes for rebuttal? Yes, Your Honor, I'll do that. Thank you. May it please the Court. Jeffrey Leis, appearing on behalf of the Attorney General. In this case, the Petitioner was properly treated as an arriving alien because he was put in proceedings because he was apprehended with marijuana on his possession at the border. Is that what the BIA says? The Board's decision is inartful on that regard, Your Honor. Well, no, you mean it doesn't say that. Well, the Board was responding to the Petitioner's argument raised for the first time on appeal, where they said that marijuana usage in Mexico was insufficient. That wasn't actually the basis for why DHS put the Petitioner into proceedings in the first place. It doesn't really matter what does the Board say about the reason that he is being treated as an arriving applicant. The Board says that his usage of marijuana in Mexico alone is sufficient. The usage is a possession offense. It's not simply, you know, usage. And the usage in question in this case, and the possession in this case, was at the border. So the Board's decision, while not the decision I would have written, does actually confirm to what actually transpired, which is that the Petitioner was placed in proceedings because he was apprehended with marijuana on his possession. Do you really think that's what the Board was talking about, the possession as opposed to the usage that he admitted? Well, the Board cites a matter of Guzman-Martinez, which specifically deals with illegal activity at the port of entry. So I think that the Board, in a roundabout way, was getting to what actually transpired in this case. The roundabout way is, they said, that in this instance, the Respondent's admitted use of marijuana in Mexico was sufficient. But those were, do you think they were talking about his possession at the border as opposed to his admitted use? Well, his admitted usage is his admitted usage and possession at the border. He states that he started, he used the marijuana while in line. He continued to have the marijuana all up until the point that he got to the inspection. That's when it was discovered by the Border Patrol. So I think the Board, if it erred in that regard, was that it used the terminology the Petitioner himself used. The Board certainly could have been more specific in what it was talking about, but I don't think that it's, that ultimately the Board's conclusion that the Petitioner was properly placed in proceedings based on illegal activity after his departure was proper, even if the Board's discussion of that wasn't artful in that regard. I guess the question, how do we know that, because they did cite 1101A13C3, is that correct? They did. But how do we know that refers to conduct that would be considered a foreign law? I'm not sure, Your Honor. It's, it doesn't specify there. And so isn't, isn't that a problem? Because isn't the BIA's language supposed to be sufficiently clear? Yes, Your Honor. And if you feel that the Board decision could benefit from further clarification, then a remand on that basis would be appropriate. I think that the citation in the matter of Guzman Martinez, where it discusses activity at the port of entry, kind of resolves that issue. That is actually, in fact, what the Board is concerned with. Because whether or not it's illegal in Mexico, it is definitely illegal to bring marijuana into the United States. But I'll tell you, they had the opportunity, also BIA did, to cite to A13C5. Correct. And they didn't, which would have been specifically, you know, because he violated drug laws, basically, in the United States or, you know, and they didn't do that. That's correct, Your Honor. Again, I think that the Board's issue in this case was that they were addressing the petitioner's claim as the petitioner presented it. Well, but he presented everything. I mean, he said that he had three ounces of marijuana. He admitted to using marijuana daily for the last several days, if not violating for possession of drugs in Mexico, or whatever the language was. Was usage in Mexico. Usage in Mexico. And they had so many other ways. And I understand you're in a tough spot here, but aren't we governed by the case law that says that they're supposed to be sufficiently clear in their basis? I believe so, Your Honor. And if the Court feels that the Board's decision is not sufficiently clear, then remanding for a clarification would be appropriate. Let me ask you, I mean, I think, why wasn't this Mr. Martinez eligible? And I know, but I'm just curious, eligible for a discretionary waiver here? It was the activity at the border where he was found with drugs in his possession coupled with the fact that he had been using drugs even throughout his proceedings themselves and was lying about it. The IJ has an average credibility finding regarding that. So it was just kind of a totality of the circumstances that given the action at the border coupled with his own behavior during the proceedings that that was something that was found to be a negative factor in determining whether or not he warranted discretion in this case. Thank you. Do you need rebuttal? Um, I think probably not, Your Honor. Thank you. The case is argued will be submitted.
judges: Reinhardt, Murguia, Owens